Maughan, Appellant, *v.* Davis Investment Co. et al.,
Appellees.*
Cox, Appellant, *v.* Davis Investment Co. et al.,
Appellees.*

(Nos. 6645 and 6646—Decided October 17, 1961.)

*Messrs. Wilson & Rector, Mr. Harrison W. Smith, Jr.,* and
*Mr. Edward J. Cox,* for appellants.
*Messrs. Lucas, Lucas, Prendergast & Albright,* for appellees.

*Per Curiam.* The plaintiffs, appellants herein, wanted to appeal from a decision of the Board of Zoning Adjustment of the city of Columbus, to the Court of Common Pleas of Franklin County, and a notice of intention to appeal was filed by the appellants with an employee of the city of Columbus, who works in the office of the City Planning Commission but who claims she performs all the functions of a clerk for the Board of Zoning Adjustment. There is nothing in the records to indicate that she is an employee of the Board of Zoning Adjustment or that she was ever appointed clerk of the board, but it is admitted that she does take notes or records the meetings of the board for it. The board has no regular hours and no regular place for doing business but meets in one of the city buildings, wherever it is convenient for it and a room is available to it in which to conduct its meeting.

The Common Pleas Court held that the notice of appeal was not filed with the Board of Zoning Adjustment, as the only stamp on the notice of appeal showed:

---

*Motion to certify the record overruled (37360 and 37361), February 7, 1962.

"Received
May 27, 1960
City Planning
Commission
Columbus, Ohio"

There was an affidavit by the members of the Board of Zoning Adjustment to the effect that no appeal was filed with any of them and that no notice of appeal was brought to the attention of any of them until August 26, 1960.

The Common Pleas Court not only dismissed the appeal for failure to file the notice of appeal with the Board of Zoning Adjustment, but also for the reason that no bond was filed by the appellants as required by Section 2505.06, Revised Code, and that appellants failed to file their assignments of error and briefs in accordance with the rules of the court.

It is unfortunate that the council of the municipality and the Board of Zoning Adjustment would allow such a situation to arise whereby there is no definite place to file the required papers, but in view of the Supreme Court holdings in the cases of *Volz* v. *Volz*, 167 Ohio St., 141, and *Starr* v. *Young, Admr.*, 172 Ohio St., 317, we cannot say that the Court of Common Pleas was in error when it held that the appellants in these cases did not comply with the statute, as there is no showing that the notice of appeal was filed with the Board of Zoning Adjustment or its duly appointed clerk.

The judgment of the Court of Common Pleas will be, and hereby is, affirmed.

*Judgment affirmed.*

DUFFY and McLAUGHLIN, JJ., concur.

BRYANT, P. J., dissenting. I find myself unable to agree with the *per curiam* opinion of the majority of the court.

The Davis Investment Company, a real estate developer, was desirous of building Berwick Manor Shoppers Mart on property owned by it at or near the intersection of Livingston Avenue and Cunard Road, Columbus. Approximately one-half the land required was zoned commercial while the other half was zoned suburban residential (SR), and the developers filed an application for a variance as to the latter and an appeal with the Board of Zoning Adjustment, created pursuant to Section

3309.01 *et seq.*, Chapter 3309, the Codes of the city of Columbus.

Objection to the variance application was entered by Patsy L. Maughan, appellant in case No. 6645, and Edward J. Cox, appellant in case No. 6646. The Davis Investment Company is an appellee in both cases.

From the brief of the Davis Investment Company, hereinafter called Davis, devoted to the jurisdiction of the Board of Zoning Adjustment, hereinafter called the board, and other papers in the file, it appears that the first hearing on the application was held by the board on April 29, 1960; that on May 16, 1960, Council of the city of Columbus enacted emergency ordinance No. 618-60, effective immediately, "which purported to withdraw from the Board of Zoning Adjustment its jurisdiction to grant relief under Section 3309.06 (b) of the Columbus City Codes"; and that on May 20, 1960, a further hearing was held by the board on the variance application, at which time, according to excerpts from the board minutes, one of the board members, Mr. Earhart, informed the others that the case now before this court "was supposed to be the one which has triggered off a piece of legislation which had been adopted by city Council" under which "the board seemingly would have no power to act further in the case, * * *."

When questions as to the power of city council to act were raised, the city attorney informed the board that in his opinion the board "could be eliminated by city ordinance," and, with reference to the pending application, advised the board, "I honestly don't think this board has jurisdiction to grant this variance."

A member of the board, Mr. Lombardo, "moved that the case before the board be granted," which was duly seconded and on roll call received three favorable votes and one negative vote. Member Lombardo in speaking in favor of his motion stated:

"I believe this board has full and competent jurisdiction. I believe that the ordinance passed by city council was invalid. * * *"

So far as I can ascertain, this was the final step taken by the board. The appellants in the two cases, now before this court, sought to appeal to the Common Pleas Court the action taken by the board under authority of Section 2506.01 *et seq.*

of the Revised Code, permitting such appeals from final orders or decisions of boards and other agencies of political subdivisions of this state. The sections just referred to require that the steps required by Chapter 2505 of the Revised Code be taken, and under the provisions of Section 2505.07 (B), Revised Code, such appeal is required to be perfected within ten days.

Seven days after the above-described vote by the board, counsel for the two appellants prepared and filed separate notices of appeal from the board to the Common Pleas Court.

It would appear that so far as form and content are concerned, no objection is made to the notices, typical of which is that filed by Patsy L. Maughan in case No. 6645 reading as follows:

"Appeal Number 1851

"Before the Board of Zoning Adjustment of Columbus, Ohio

"Wherein Davis Investment Company, as applicant and owner of property, constituting approximately 7.3 acres located at the southeast corner of Livingston Avenue and Cunard Road in said city of Columbus, Ohio, appealed to said Board of Zoning Adjustment for permission to erect a shopping center on said property.

"Notice of Appeal

"Patsy Maughan hereby gives notice of her intention to appeal, on question of law, to the Court of Common Pleas of Franklin County, Ohio, from the order of said Board of Zoning Adjustment of Columbus, Ohio, made in the above-styled appeal on Friday, May 20, 1960, granting the appeal of said Davis Investment Company and permitting said property, constituting 7.3 acres located at the southeast corner of Livingston Avenue and Cunard Road in the city of Columbus, Ohio, to be used for the purpose of erecting a shopping center.

"In said appeal, said Patsy Maughan shall be and hereby is designated the appellant and the Board of Zoning Adjustment of Columbus, Ohio, and Davis Investment Company shall be and hereby are designated appellees.

"Said appeal is made pursuant to Section 2505.24 of the Ohio Revised Code."

As before stated, notice was sought to be filed on May 27, 1960, by handing it to one Ina R. Ward, an employee of the City Planning Commission, who, according to the undisputed evi-

dence in the record, "performs all the functions of the clerk of said Board (of Zoning Adjustment) and customarily receives and receipts for documents filed with the said board."

Identical affidavits by Ina R. Ward are a part of the file in both cases and read as follows:

### "A f f i d a v i t

"State of Ohio

"Franklin County,  ss :

"Ina R. Ward, being first duly sworn, deposes and says that the Board of Zoning Adjustment of the city of Columbus was a duly established board of said city; that its members are appointed by the mayor of said city and that none of its members serve the board in a full time capacity, each of said members serving on the board being in addition to his or her usual vocation; that the said board has no office as such but transacts all its business in the offices of the City Planning Commission, City Hall Annex, Columbus, Ohio; that affiant performs all the functions of the clerk of said board and customarily receives and receipts for documents filed with the said board at the offices of said Planning Commission; that on May 27, 1960, plaintiff-appellant filed her notice of appeal with the said Board of Zoning Adjustment by handing the same to affiant who, on behalf of said board, accepted said notice and receipted therefor; that said copy of notice of appeal, as so filed, is attached hereto and made a part hereof; that affiant knows of no other office at which said notice or any other document to be filed by the board could have or should have been filed."

Counsel for Davis in the court below contended that the board had taken no official action to designate Ina R. Ward or any other person as clerk and had made no provision whatsoever as to the person with whom or the place where a notice of appeal should be filed.

It apparently is the contention of appellees that such inaction by the board is sufficient to deprive an appellant of his right to appeal. I do not subscribe to this conclusion, particularly in view of Section 3309.02, *supra*, making it the duty of this board to adopt rules and regulations "necessary to carry into effect the provisions of this zoning code."

It is undisputed in this record that Ina R. Ward was the acting clerk of the board and as such was the one who customar-

ily received and receipted for documents intended for the board and which were left at the office of the City Planning Commission.

On that state of the record, I believe that Ina R. Ward acted for the board, that the appeal was perfected and that the decision of the court below holding otherwise should be reversed.

In this connection I note that upon motion of appellee, Sater, J., of the court below, in case No. 6646, under date of August 27, 1960, entered the following order:

"On Motion of the defendant-appellee, it is ordered that the transcript of the hearing before the Board of Zoning Adjustment in appeal No. 1851 and all evidence and papers submitted to said Board of Zoning Adjustment be filed forthwith with this court.

"It is further ordered that the clerk issue to the sheriff of Franklin County for service upon Dahlton R. Kincaid as Chairman of the Board of Zoning Adjustment of Columbus, Ohio, and Jack B. Bachtel, Director of Planning Commission of the city of Columbus, Ohio, a certified copy of this entry with summons ordering same to be done."

The above order was directed to the board's chairman. It called for a transcript of the hearings before the board and all evidence and papers submitted to the board. Who was it who complied? Not the board or any member thereof. So far as I can ascertain from the file, compliance was accomplished by Jack B. Bachtel, Planning Director of the City Planning Commission. It was over his signature that the so-called excerpts from the minutes of two meetings of the board were, by his certificate, sought to be validated. This is but another example of the service performed by the City Planning Commission's staff for and in place of the board. As I see it, the board was under a clear duty to anticipate and provide for keeping of minutes and receiving notices of appeals. Having no clerical staff, they used that of the City Planning Commission. Notice was given to all other counsel in the case and I feel that the notice given in this case was sufficient under the circumstances here.

If that conclusion is correct, and I feel it is, there remain other serious questions. As I see it, the board was totally lacking in jurisdiction to determine the constitutionality of the emergency ordinance No. 618-60, adopted May 16, 1960, but on

the other hand, was under a duty to comply with it until in a court having jurisdiction of the case it had been held to be invalid.

The *per curiam* opinion of my esteemed colleagues relies upon two decisions of the Ohio Supreme Court. These are *Volz* v. *Volz*, 167 Ohio St., 141, and *Starr* v. *Young, Admr.*, 172 Ohio St., 317.

The *Volz* case was an action for divorce, custody, etc., and an appeal was attempted by the appellant without furnishing a bond in the face of the requirement of Section 3109.07 of the Revised Code authorizing such appeal "upon the appellant's giving bond." This was decided by the court divided four to three, the chief question being whether upon failure to furnish bond the case stood as an appeal on questions of law. The majority held it did not.

The case of *Starr* v. *Young, supra*, was an Industrial Commission appeal, and the notice of appeal omitted entirely the claim number and also omitted the word, "employer," after the name of the Peerless Coal Company. Thus the notice of appeal did not designate the company as employer and failed to set forth the claim number, although Section 4123.519 of the Revised Code provides:

"Notice of appeal shall state *the names of the* claimant and the *employer, the number of the claim,* the date of the decision appealed from and the fact that the appellant appeals therefrom." (Emphasis added.)

The court held that the provisions are mandatory, are jurisdictional, and must be complied with.

I find no fault with either of those cases but am unable to see their application in the two cases now before us. No one contends there was any deficiency in the form of the notice of appeal used in the two cases now before this court.

I find it difficult to reconcile the judgment of the court below that each appeal was defective because no bond was furnished, apparently because it was supposed to be an appeal on questions of law and fact (equity), and also that appellant failed to file its assignments of error, usually reserved for appeals on questions of law.

I feel that court rules may not violate or go contrary to the provisions of statute. As I see it, the judgment of the court be-

low was in error in calling this an appeal on questions of law and fact, for the simple reason that it cannot be regarded as within the ten classes of cases (all equitable) set forth in Section 2501.02 of the Revised Code.

I feel that attention should be given to the three statutes which the lower court says were not complied with by appellants. The first is Section 2506.01 of the Revised Code, consisting of three paragraphs, and which is too long to set forth here. The first paragraph grants the right to appeal in the manner provided in Chapter 2505 of the Revised Code (Procedure on Appeals). The second paragraph provides that such appeal shall be in addition to any other appeal provided by law. While the third paragraph defines the phrase, "final order, adjudication, or decision," to exclude orders where a further administrative appeal is available, orders not determining the rights of an individual and orders related to criminal proceedings. Just how, or in what particular, appellants violated this section is not made clear. In my search of the record, I was unable to find such violations.

The next section alleged to be violated is Section 2505.07 of the Revised Code, entitled, "Time for Perfecting Appeal," in which Paragraph (B) allows ten days for "all other appeals." It is quite clear that the notice of appeal was filed within seven days and hence was within the ten-day limit.

This section provides that the ten-day period for filing a notice of appeal begins to run "*after the journal entry of a final order, judgment, or decree has been approved by the court in writing and filed with the clerk for journalization, or after the entry of other matter for review, * * *.*" (Emphasis added.) In the instant case, the record is silent as to any entry ever having been made at any place with the result that the board has never entered a final order.

As pointed out above, the Board of Zoning Adjustment was ordered, in case No. 6646, to furnish a transcript of the hearing together with "all evidence and papers" submitted to the board. My examination of the record fails to disclose that the board ever complied with this order, apparently having the same regard for the Common Pleas Court which it has for city ordinances taking away its jurisdiction.

The record does contain "Excerpts from Minutes," which

are not signed, verified or certified by any living person having any direct connection with the Board of Zoning Adjustment.

As I see it, in the present state of this record, these excerpts may not be admissible for any purpose, but, if they are, they are at best a decision and in no sense "the entry" of a final order, etc., referred to in Section 2505.07, Revised Code, which section reads in part as follows:

"After the journal entry of a final order, judgment, or decree has been approved by the court in writing and filed with the clerk for journalization, or after the entry of other matter for review, the period of time within which the appeal shall be perfected, unless otherwise provided by law, is as follows:

"(A) Appeals to the Supreme Court or to Courts of Appeals, or from Municipal Courts and from Probate Courts to Courts of Common Pleas, shall be perfected within twenty days.
"* * *

"(B) All other appeals shall be perfected within ten days."

If the excerpts were certified or authenticated, which they are not, the most they show is that a motion was made that "the case before the board be granted," followed by three favorable votes, one negative vote and one abstention.

For these reasons, in my opinion, the judgment of the court below should be reversed and set aside.

McLAUGHLIN, J., of the Fifth Appellate District, sitting by designation in the Tenth Appellate District.